NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3814
_____

UNITED STATES OF AMERICA

v.

NELSON A. ADIBE,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 08-cr-00042)
District Judge:  Honorable Leonard P. Stark

_____

Submitted Under Third Circuit LAR 34.1(a)
June 20, 2011

Before:  HARDIMAN and ALDISERT, *Circuit Judges*
and RESTANI [*] *Judge*.

(Filed: June 22, 2011)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

_____

[*]The Honorable Jane A. Restani, Judge of the United States Court of International
Trade, sitting by designation.

Nelson Adibe appeals the District Court's judgment of sentence. We will affirm.

I

Because we write for the parties, we recount only the essential facts and procedural history.

Adibe is a native of Nigeria who emigrated to the United States in 1996. From 2006 to 2008, he engaged in a series of fraudulent transactions, whereby he used the social security numbers, names, and birthdates of at least six individuals to open fake checking accounts at numerous Citizens Bank locations. After the accounts were opened, Adibe deposited checks backed by insufficient funds into the accounts and then withdrew these funds before the checks bounced. Adibe opened fraudulent bank accounts in five different states—Pennsylvania, Delaware, Ohio, Massachusetts and New York—and withdrew a total of $234,880.

On March 13, 2008, Adibe was indicted by a grand jury in the District of Delaware and charged with three counts of bank fraud, 18 U.S.C. §§ 1344 & 2 (counts one, two and three), one count of aggravated identity theft, 18 U.S.C. § 1028A (count four), one count of misuse of a social security number, 42 U.S.C. § 408(a)(7)(B) (count five), and one count of identity theft, 18 U.S.C. § 1028(a)(7) (count six). On the day scheduled for trial, Adibe pleaded guilty to counts one, two, three, and five, but opted for a bench trial on the remaining counts. At trial, Adibe testified that he did not know that the information he

used to open the accounts belonged to real people.  *See United States v. Flores-Figueroa*, 129 S. Ct. 1886, 1894 (2009) (requiring knowledge that identification material belonged to a real person to support conviction under 18 U.S.C. § 1028A).  The District Court was unpersuaded, finding that Adibe's testimony "was in direct conflict with the version of those events presented by otherwise credible witness testimony and evidence."  *United States v. Adibe*, No. 08-42, at \*12 (D. Del. March 31, 2010).  Accordingly, Adibe was adjudged guilty of counts four and six.

At sentencing, Adibe sought a two-point reduction in his offense level for acceptance of responsibility pursuant to § 3E1.1(a) of the United States Sentencing Guidelines (USSG).  Although Adibe had pleaded guilty to four of the six offenses with which he was charged, the Court nevertheless held that Adibe had "put the government to a substantial burden of proof" on counts four and six and, therefore, had not adequately accepted responsibility for his actions.  Transcript of Sentencing Hearing at 47, *Adibe*, No. 08-42 (D. Del. August 24, 2010).

For its part, the Government requested a two-point increase in Adibe's offense level pursuant to USSG § 2B1.1(b)(9)(A).  The District Court granted this enhancement, finding that Adibe relocated his fraudulent scheme from one jurisdiction to another in order to evade law enforcement.  *Id.* at 48.  The Court sentenced Adibe to a within-Guidelines sentence of 37 months imprisonment on counts one, two, three, five, and six,

3

and a consecutive mandatory minimum sentence of 24 months on count four.

This timely appeal followed.[1]

II

A

Adibe claims the District Court clearly erred in finding that he had not accepted responsibility for his actions.

When a defendant pleads guilty to some charges but proceeds to trial on others, the sentencing judge "has the obligation to assess the totality of the situation in determining whether the defendant accepted responsibility." *United States v. Cohen*, 171 F.3d 796, 806 (3d Cir. 1999) (quoting *United States v. McDowell*, 888 F.2d 285, 293 (3d Cir. 1989)). While we review the District Court's factual findings for clear error and legal conclusions *de novo*, we are especially deferential to the Court's assessment of whether Adibe accepted responsibility for his actions. USSG § 3E1.1 cmt. n.5 ("The sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility."); *see also United States v. Dullum*, 560 F.3d 133, 142 (3d Cir. 2009).

The District Court held that a two-level reduction for acceptance of responsibility was not warranted because Adibe contested "an essential factual element" of his crime—

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

namely, that he did not know that the identification materials he used to open the fraudulent bank accounts belonged to real individuals.[2] Transcript of Sentencing Hearing at 47, *Adibe*, No. 08-42 (D. Del. August 24, 2010). We find no error in the District Court's conclusion that the misuse of real individuals' personal information was central to the scheme because Adibe compiled social security numbers, birthdates, employee identification cards, and lease agreements to verify his victims' creditworthiness and dupe bank employees into believing that he was the person named in the documents. Nor do we find error in the District Court's conclusion that Adibe "put the government to a substantial burden of proof," *id*., by forcing it to prepare 111 trial exhibits, interview three government witnesses, engage in pre-trial practice, and draft several post-trial motions in its attempt to show, beyond a reasonable doubt, that Adibe knew that he was using real identification materials.[3]

For these reasons, the District Court did not err in denying Adibe's request for a

---

[2] Both counts four and six required the Government to prove that Adibe "knowingly used, without lawful authority, a means of identification of another person." *See* 18 U.S.C. §§1028(a)(7), 1028A.

[3] Adibe argues that his decision to go to trial on count four should not affect his Guidelines range for the remaining five counts, because count four carries with it a consecutive mandatory minimum sentence of 24 months. *See United States v. Williams*, 344 F.3d 365, 381 (3d Cir. 2003) (holding that where a district court does not group a defendant's charges, it may grant a sentence reduction as to all counts to which the defendant pleaded guilty). Because count six may be grouped with counts one, two, three, and five, however, the District Court did not err in considering Adibe's failure to plead guilty to identity theft in determining Adibe's overall Guidelines range.

two-level reduction under USSG § 3E1.1(a).

B

Adibe also claims the District Court clearly erred in applying a two-level enhancement for "evading law enforcement."

USSG § 2B1.1(b)(9)(A) provides for a two-level increase if "the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials." For this enhancement to apply to Adibe, he must have: (1) relocated a fraudulent scheme from one jurisdiction to another, and (2) done so to evade enforcement officials. *Id*.

The first of these prongs is not in question here. Adibe admits to opening fraudulent bank accounts in five different states. Thus, the only question is whether Adibe's conduct was undertaken with the intent to evade law enforcement. As the District Court noted, had Adibe gone "to branches within the same jurisdiction repeatedly, . . . the likelihood of him being caught sooner would have increased substantially." Transcript of Sentencing Hearing at 47, *Adibe*, No. 08-42 (D. Del. August 24, 2010). Although there may have been other reasons why Adibe operated in five states—*e.g.*, his suggestion that he did so to find "fertile ground" for his crimes—the District Court did not err in concluding that the circumstances evinced a purpose to evade law enforcement. Accordingly, the District Court did not err when it increased Adibe's

6

offense by two levels pursuant to USSG § 2B1.1(b)(9)(A).[4]

## III

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

---

[4] Adibe also argues that the enhancement should not apply, because he "participated in a scheme originated by his co-conspirator." We disagree because "[s]ection 2B1.1(b)(9)(A) requires only that the defendant participated in relocating the scheme; he did not have to be the 'driving force' behind the relocation for the enhancement to apply." *United States v. Paredes*, 461 F.3d 1190, 1193 (10th Cir. 2006).